UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELMAR LOPEZ VELASQUEZ,

      Petitioner,

v.                             Case No. 3:26-cv-579-MMH-PDB

FIELD OFFICE DIRECTOR
GARRETT J. RIPA, et al.,

      Respondents.

---

## ORDER

### I. Status

Petitioner Delmar Lopez Velasquez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on April 22, 2026. The Federal Respondents (Attorney General Todd Blanche, Secretary Markwayne Mullin,[1] Charles Parra, Garrett J. Ripa, Department of Homeland Security, Executive Office for Immigration Review) filed a Response to Petition for Writ of Habeas Corpus (Doc. 6; Response). Respondent Warden filed a Motion to Dismiss (Doc. 5), arguing he

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

is not a proper respondent in this case. Velasquez filed a counseled Reply (Doc. 8). This case is ripe for review.

## II. Background

According to Velasquez, he is a citizen of Guatemala who entered the United States on December 19, 1999. Petition at 2. On February 9, 2026, the United States Immigration and Customs Enforcement detained Velasquez following a traffic stop for an illegal window tint. Response at 3; see also Petition at 11.

## III. Analysis

The crux of Count One of Velasquez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 10–12.[2] As relief, he seeks, inter alia, immediate release. Id. at 26. The Federal Respondents argue that this Court lacks jurisdiction over Velasquez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 5–11.

The Court is satisfied it has jurisdiction over Velasquez's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa,

---

[2] Because the Court finds that Velasquez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2

No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026);

Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Velasquez entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy. [3]  See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to

---

[3] Insofar as Velasquez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[4]).

Accordingly, it is **ORDERED**:

1.     Velasquez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Velasquez **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Respondent Warden, Ronnie Woodall's Motion to Dismiss (Doc. 5) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[4] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that they are holding Velasquez under § 1225(b)(2), see Response at 4, and the Court finds that § 1225(b)(2) does not apply to Velasquez. Thus, without any lawful basis for this detention, Velasquez is entitled to immediate release.

Jax-9 5/20
c:
Counsel of Record